REHBEIN v. WEAVER et al.

(Circuit Court, N. D. Illinois. December 14, 1904.)

No. 27,118.

1. TRADE-MARKS—RIGHTS UNDER STATE STATUTE—ENFORCEMENT IN OTHER JURISDICTIONS.

A suit cannot be maintained in a federal court to enforce rights under a state statute relating to trade-marks, and providing for their registration, where the transactions complained of occurred outside of such state.

In Equity.

James A. Carr and Albert D. Currier, for complainant.
Sullivan & Jarrett, for respondents.

KOHLSAAT, District Judge. This suit is brought by complainant to restrain defendants from infringing complainant's trademark, registered in accordance with the laws of Missouri. The jurisdiction is based upon diversity of citizenship. The amount involved is alleged to be "in excess of two thousand dollars."

This is a proceeding to enforce in this district complainant's rights under the Missouri statute. In Black on Interpretation of Laws, edition of 1896, it is stated that "it is not within the competency of the legislative power, upon grounds of public policy, to create personal liabilities, and impose them on persons and property out of the jurisdiction of the state, and on account of transactions occurring beyond its territorial limits." The bill seeks two remedies: (1) To restrain infringement of the Missouri registered trade-mark; (2) to restrain unfair competition. The record utterly fails to show a condition of facts which would warrant the relief prayed in the second case above set out. No damage is shown, nor does it appear that persons were likely to be misled by defendants' methods. As to the registered trade-mark, there is no jurisdiction in this court to enforce the Missouri law in regard to registration of trade-marks in the case of transactions occurring outside that state. Whether there is jurisdiction as to those acts which took place in the state is a matter of doubt. It does not appear that defendants ever were in that jurisdiction, or whether a right of action accrued in Missouri. But, aside from

¶ 1. Jurisdiction of federal courts as affected by state laws, see note to Barling v. Bank of British North America, 1 C. C. A. 513.

that, even if such a right existed in Missouri, there is nothing in the record to show that in such case the amount involved in the controversy met the requirements of the statute.

The suit is dismissed for want of jurisdiction.